JOSEPH H. HUNT
Assistant Attorney General
WILLIAM C. PEACHEY
Director
KATHERINE J. SHINNERS
Senior Litigation Counsel
COURTNEY E. MORAN (CABN 288394)
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 514-4587
Fax: (202) 305-7000
Email: courtney.e.moran@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| JOHN DOE, | Case No. 4:19-cv-03852-DMR |
| Plaintiff, | |
| v. | **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |
| KEVIN K. McALEENAN, Acting Secretary of Homeland Security, et al., | |
| | Magistrate Judge Donna M. Ryu |
| Defendants. | |

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
4:19-cv-03852-DMR

# INTRODUCTION[1]

1. Paragraph 1 is an introductory statement of the case requiring no response. To the extent a response is required, Defendants admit only that Plaintiff asserts claims against the named Defendants under the Administrative Procedure Act and that the United States Citizenship and Immigration Services ("USCIS") Administrative Appeals Office denied Plaintiff's Form I-212, Application for Permission to Reapply for Admission Into the United States After Deportation or Removal ("Form I-212"). Specifically, Defendants deny that they "refus[ed] to process" Plaintiff's Form I-212 and deny that the denial of Plaintiff's Form I-212 was unlawful.

2. Paragraph 2 contains a legal argument requiring no response. To the extent a response is required, Defendants deny that Plaintiff has accurately characterized 8 U.S.C. § 1182(a)(9)(C)(ii).

3. Paragraph 3 contains a legal argument requiring no response. To the extent a response is required, Defendants deny that Plaintiff has accurately characterized 8 U.S.C. § 1182(a)(9)(C)(ii) or Form I-212.

4. Deny.

5. Defendants admit the allegations in the first sentence of Paragraph 5 and deny the allegations in the third and fourth sentences of Paragraph 5. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 5.

6. Defendants admit the allegations in the first and second sentences of Paragraph 6 and deny the allegations in the third sentence of Paragraph 6.

7. Defendants admit the allegations in the first and third sentences of Paragraph 7 and deny the allegations in the second sentence of Paragraph 7.

8. Defendants admit the allegations in the first sentence of Paragraph 8. The second and third sentences of Paragraph 8 contain characterizations and legal argument requiring no response. To the extent a response is required, Defendants deny that Plaintiff has accurately characterized USCIS's decision.

---

[1] Defendants repeat the headings from Plaintiff's complaint for ease of reference but do not admit any of the allegations contained therein and specifically deny them.

9. Paragraph 9 contains a legal argument requiring no response. To the extent a response is required, Defendants deny the allegations.

10. Paragraph 10 contains a statement of the relief sought and requires no response. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief sought, or to any relief whatsoever.

## JURISDICTION AND VENUE

11. This paragraph contains Plaintiff's jurisdictional legal arguments, which require no response. To the extent a response is required, Defendants admit that Plaintiff seeks relief pursuant to the Administrative Procedure Act and admit that a district court has jurisdiction under 28 U.S.C. § 1331 for a cause of action under the Administrative Procedure Act.

12. Admit.

13. Defendants admit that certain events giving rise to this action occurred in San Francisco County but take no position on intradistrict assignment.

14. Admit.

## PARTIES

15. Defendants admit only that Plaintiff is a Mexican citizen who is now 53 years old and that he is married with four children. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations about where and with whom Plaintiff lives.

16. Defendants admit the first two sentences of Paragraph 16. With respect to the third sentence of Paragraph 16, Defendants admit that the Department of Homeland Security is responsible, in part, for administering the Immigration and Nationality Act, but deny that the Department of Homeland Security is wholly responsible for the administering the Immigration and Nationality Act.

17. Admit but aver that Kevin McAleenan's middle initial is K.

18. Admit.

19. Admit.

20. Admit.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
4:19-cv-03852-DMR                                2

# FACTUAL ALLEGATIONS

## I. The Statutory and Regulatory Scheme

21. Admit.

22. Admit.

23. Admit.

24. Admit.

25. Defendants deny that Plaintiff has accurately characterized 8 U.S.C. § 1182(a)(9)(C)(ii); the statute speaks for itself.

26. Paragraph 26 contains a legal argument requiring no response. To the extent a response is required, Defendants deny that Plaintiff has accurately characterized the definition of "admission" in the immigration context.

27. Defendants admit the allegations in Paragraph 27 but deny any implication that these allegations are relevant to Plaintiff or his claims.

28. Defendants admit the allegations in Paragraph 28 but deny any implication that these allegations are relevant to Plaintiff or his claims.

29. Defendants admit the allegations in Paragraph 29 but deny any implication that these allegations are relevant to Plaintiff or his claims.

## II. Plaintiff's Life in the United States and Mexico

30. Admit.

31. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31.

32. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32.

33. Defendants admit that on January 9, 2003, Plaintiff attempted to enter the United States and was apprehended and removed to Mexico the same day. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations about Plaintiff's intent or motivations for attempting to enter the United States.

34. Defendants admit only that, after Plaintiff was removed, he reentered the United States without inspection. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 34.

35. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35.

36. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36.

37. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 37. Defendants admit the allegations in the second, fourth, and fifth sentences of Paragraph 37. Defendants deny the allegations in the third sentence of Paragraph 37.

38. Defendants admit that on August 22, 2014, Plaintiff was paroled into the United States until August 22, 2015, pursuant to 8 C.F.R. § 212.5. Defendants deny the remaining allegations in Paragraph 38.

39. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 39. Defendants admit the remaining allegations in Paragraph 39 and aver the following receipt numbers: Form I-130 (MSC1591295878); Form I-485 (MSC1591295877); Form I-212 (MSC1704650018).

40. Defendants admit only that Plaintiff had an interview at the USCIS San Francisco Field Office in January 2016. Defendants lack knowledge or information sufficient to form a belief about whether Plaintiff or his attorney brought a hard copy of his Form I-212 to the interview or whether the USCIS officer did not accept the hard copy. Defendants deny the allegation that a USCIS officer's declining to accept a hard copy of Plaintiff's Form I-212 is equivalent to a "refus[al] to accept his I-212 Application."

41. Admit.

**III.   USCIS's Unlawful Denial of Plaintiff's Application**

42. Defendants admit only that the USCIS San Francisco Field Office denied Plaintiff's Form I-485, Application to Register Permanent Residence or Adjust Status, in a decision dated October 27,

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
4:19-cv-03852-DMR                                         4

2016. Defendants lack knowledge or information sufficient to form a belief about the alleged date that Plaintiff received the decision. Defendants deny the remaining allegations in Paragraph 42, which consist of Plaintiff's characterizations of the decision; the decision speaks for itself.

43. Defendants admit that Plaintiff, through counsel, sought reconsideration of the October 27, 2016 decision but deny the characterization of the decision as "erroneous" and deny that "the agency had previously refused to accept" Plaintiff's Form I-212.

44. Defendants admit that the USCIS San Francisco Field Office granted Plaintiff's motion to reopen and reconsider the denial of the Form I-485 in a decision dated January 10, 2017. Defendants deny Plaintiff's characterizations of the decision; the decision speaks for itself.

45. Defendants admit that the USCIS San Francisco Field Office denied Plaintiff's Form I-485 and Form I-212 in two separate decisions dated August 3, 2018. Defendants deny Plaintiff's characterizations of the decisions; the decisions speak for themselves.

46. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 46.

47. Defendants admit the allegations and aver that the receipt number for Plaintiff's Form I-290B, Notice of Appeal or Motion, is MSC1891680509.

48. Defendants admit that the USCIS Administrative Appeals Office denied Plaintiff's Form I-212 in a decision dated February 27, 2019. Defendants deny the remaining allegations, which consist of Plaintiff's characterizations of the decision; the decision speaks for itself.

49. Defendants deny the allegations in the first sentence in Paragraph 49. The remainder of Paragraph 49 consists of a legal argument requiring no response. To the extent a response is required, Defendants deny that Plaintiff has accurately characterized the decision or the cited statute, both of which speak for themselves.

## COUNT ONE

## USCIS'S DECISION IS CONTRARY TO LAW

### (Administrative Procedure Act, 5 U.S.C. § 706(2)(A))

50. Defendants incorporate herein their answers to Paragraphs 1 through 49.

51. Admit.

52. Deny.

53. Paragraph 53 contains a legal argument requiring no response. To the extent a response is required, Defendants deny the allegations in this paragraph.

54. Paragraph 54 contains a legal argument requiring no response. To the extent a response is required, Defendants deny the allegations in this paragraph.

55. Paragraph 55 contains a legal argument requiring no response. To the extent a response is required, Defendants deny the allegations in this paragraph.

56. Paragraph 56 contains a legal argument requiring no response. To the extent a response is required, Defendants deny the allegations in this paragraph.

57. Paragraph 57 contains a statement of the relief sought and requires no response. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief sought, or to any relief whatsoever.

## COUNT TWO

## USCIS'S DECISION IS ARBITRARY AND CAPRICIOUS

### (Administrative Procedure Act, 5 U.S.C. § 706(2)(A))

58. Defendants incorporate herein their answers to Paragraphs 1 through 57.

59. Admit.

60. Deny.

61. Paragraph 61 contains a legal argument requiring no response. To the extent a response is required, Defendants deny the allegations in this paragraph.

62. Paragraph 62 contains a legal argument requiring no response. To the extent a response is required, Defendants deny the allegations in this paragraph.

63. Paragraph 63 contains a legal argument requiring no response. To the extent a response is required, Defendants deny the allegations in this paragraph.

64. Paragraph 64 contains a statement of the relief sought and requires no response. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief sought, or to any relief whatsoever.

## PRAYER FOR RELIEF

65. Paragraph 65 contains a statement of the relief sought and requires no response. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief sought, or to any relief whatsoever.

## DEFENSES

Although Defendants do not currently have specific facts in support of affirmative defenses, they reserve the right to raise the defenses set forth in Federal Rule of Civil Procedure 8, should they learn of facts that support those defenses. Defendants reserve the right to plead any and all other defenses that may become applicable.

Dated: October 17, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

KATHERINE J. SHINNERS
Senior Litigation Counsel

*/s/ Courtney E. Moran*
COURTNEY E. MORAN (CABN 288394)
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC  20044
Tel: (202) 514-4587
Fax: (202) 305-7000
Email: courtney.e.moran@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on October 17, 2019, I electronically filed the foregoing document with the Clerk of the Court by using the Court's CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

*/s/ Courtney E. Moran*
COURTNEY E. MORAN
Trial Attorney